**Christopher A. JOHNSON, Plaintiff–Appellant,**

v.

**Sandra MOORE; Ronnie Pugh; James Bowlen; Jerry Haston; James Rose; Donal Campbell, Defendants–Appellees.**

No. 00–6038.

United States Court of Appeals, Sixth Circuit.

March 20, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

### ORDER

Christopher A. Johnson, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). Named as defendants are a prison teacher at the Southeast Tennessee State Regional Correctional Facility ("STSRCF") (Sandra Moore), the Disciplinary Chairman at STSRCF (Ronnie Pugh), the Warden at STSRCF (James Bowlen), the Job Coordinator at STSRCF (Jerry Haston), the Commissioner of the Tennessee Department of Corrections ("TDOC") (Donal Campbell) and the Assistant Commissioner of the TDOC (James Rose).

The underlying facts are set forth in the district court's memorandum and will not be repeated herein. Suffice it to say that Johnson was issued three disciplinary reports. He was issued a report for creating a disturbance, disrespect, and refusal of a direct order. He was found not guilty on disrespect and refusal of a direct order, but guilty of creating a disturbance.

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Johnson claims he was sentenced to five days punitive segregation for Class B offense, lost approximately 20 days reduction credits, lost approximately $120.00 in pay, and was removed from vocational training as a result of this disciplinary false report.

Johnson claims his constitutional rights were violated when his disciplinary hearing was held in less than 24 hours from the time of the alleged incident and he was denied a requested witness. He also claims his constitutional rights were violated by being subjected to alleged racial verbal abuse. Additionally, he claims racial discrimination on the grounds that his alleged offense was treated as a Class B offense but when white inmates are involved in the same type of situation, their offense is treated as a Class C offense. All of the defendants are sued in their individual and official capacities. Johnson sought declaratory, injunctive and monetary relief.

On April 14, 2000, the district court dismissed Johnson's complaint for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Thereafter, Johnson filed a motion to vacate the judgment. In this motion, Johnson claimed that he had exhausted his administrative remedies and attached supporting documents. Upon further review of the record and supporting documents, the district court found that Johnson had exhausted his administrative remedies and vacated the April 14, 2000 judgment. Ultimately, however, the district court dismissed the complaint as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). A second motion to vacate was denied in an order filed July 28, 2000. This timely appeal followed.

■ A district court judgment dismissing a suit as frivolous or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) is subject to de novo review in the court of appeals. *See Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir. 2000). A complaint is frivolous if it lacks an arguable or rational basis either in law or in fact. *Id.* at 866. A complaint fails to state a claim for relief if, after the court construes the complaint in the light most favorable to the plaintiff and accepts his factual allegations as true, the plaintiff still can prove no set of facts in support of his claim that would entitle him to relief. *Id.* at 867.

■ The district court properly dismissed Johnson's due process claim. A claim for monetary and equitable relief complaining only of procedural defects in a prison disciplinary hearing which, if established, would imply the invalidity of the punishment imposed, is not cognizable under § 1983. *Edwards v. Balisok,* 520 U.S. 641, 648–49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Further, it does not appear that, by having a hearing in less than 24 hours and being denied a witness, the duration of Johnson's sentence has been affected or that he has suffered a hardship that is either atypical or significant in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 484–85, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ The district court properly dismissed Johnson's claim that defendant Moore violated his constitutional rights when she made racially harassing comments. Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.*

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.