Dennis BROCK, Plaintiff–Appellant,

v.

Doug CRALL, Physician, LLCC; Paul Phillips, Psychiatrist, LLCC; Larry Chandler, Warden, LLCC; Doug Sapp, Commissioner; Dr. Richard Kimbler, Medical Director of Institutions, Defendants–Appellees.

No. 00–5914.

United States Court of Appeals, Sixth Circuit.

April 27, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

Dennis Brock, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

Seeking monetary relief only, Brock filed a complaint against Doug Sapp, Commissioner of the Kentucky Department of Corrections; Richard Kimbler, Medical Director of the Department of Corrections; and the following corrections officials employed at the Luther Luckett Correctional Complex ("LLCC"), Brock's former place of confinement: Doug Crall, physician; Paul Phillips, psychiatrist; and Larry Chandler, warden. Relying upon the Eighth Amendment, Brock alleged that he suffers from "a trembling in [his] lower spin [sic], buttocks—and upper thighs." Brock alleged that Crall and Phillips "passed [him] back an [sic] forth over a period of eighteen months," but his condition was not properly diagnosed or treated.

On June 21, 2000, the district court dismissed Brock's complaint for failure to state a claim upon which relief may be granted pursuant to § 1915A. Brock has filed a timely appeal.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

■ In his appellate brief, Brock does not challenge the district court's dismissal of his Eighth Amendment civil rights claim. Instead, Brock's brief is devoted to challenging the dismissal of his petition for a writ of habeas corpus, which was filed in an unrelated case. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir. 1991). Thus, because Brock neither challenged nor offered any argument with respect to the district court's disposition of his Eighth Amendment claim, such claim has not been properly raised on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd,* 948 F.2d at 284.

■ Despite Brock's abandonment of his appeal from the dismissal of his civil rights action, upon review, we conclude that the district court properly dismissed Brock's complaint for failure to state a claim upon which relief may be granted. *See Brown,* 207 F.3d at 867. In order to establish an inadequate medical care claim in violation of the Eighth Amendment, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835–36, 114 S.Ct. 1970. Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

■ Brock failed to allege an Eighth Amendment claim against the named defendants. Brock admitted that he was seen by at least two LLCC physicians over an eighteen month period. Brock's essential disagreement with and dispute over the diagnosis and treatment he received, however, is insufficient to establish a violation of the Eighth Amendment. *See id.* "Where a prisoner has received some med-

ical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Because Brock's allegations simply constitute a difference of opinion between himself and medical personnel regarding his medical condition, he has failed to allege facts that, if proven, would rise to the level of deliberate indifference in order to support an Eighth Amendment claim. *See Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285; *Westlake,* 537 F.2d at 860 n. 5.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.