# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40297

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CECILIO SHILON-MENDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-993-1

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Cecilio Shilon-Mendez appeals the district court's 16-point sentence enhancement of his illegal reentry offense based on a prior Florida conviction. He contends that his prior offense of resisting an officer with violence is not a crime of violence under U. S. Sentencing Guidelines § 2L1.2. We hold that the district court properly classified Shilon-Mendez's prior offense and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40297

Section 2L1.2 provides that anyone convicted of illegal reentry may be subject to a 16-level sentencing enhancement if he had, prior to his deportation, been convicted of a "crime of violence." § 2L1.2(b)(1)(A)(ii).  The Guidelines define "crime of violence" as one of several enumerated offenses or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, cmt. n.1(B)(iii)).  We generally determine whether a prior conviction is a crime of violence according to the categorical approach, which looks to the elements of the offense instead of the underlying facts of the conviction.  *United States v. Rodriguez*, 711 F.3d 541, 549, 553 (5th Cir. 2013) (en banc); *Taylor v. United States*, 495 U.S. 575 (1990).

The Florida statute at issue provides that:  "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree . . . ." Fla. Stat. § 843.01.  It is undisputed that this offense is not enumerated in § 2L1.2, so the issue is whether it satisfies the "physical force" clause.  This court has already concluded that it does in *United States v. Ramos-Bonilla*, 558 F. App'x 440 (5th Cir. 2014).  However, Shilon-Mendez takes issue with *Ramos-Bonilla* because, without independent analysis, the court adopted the reasoning of our decision in *United States v. Alonzo-Garcia*, 542 F. App'x 412 (5th Cir. 2013), which analyzed the meaning of "violence" in a Florida aggravated assault statute.  There, as in the instant case, the term "violence" was not defined in the statute.  Thus, the *Alonzo-Garcia* court properly defined "violence" according to its plain meaning.

While *Alonzo-Garcia* pertained to a different Florida offense, the court's analysis of whether the term "violence" requires the use of physical force is still applicable to the instant case.  *Alonzo-Garcia* relied on Black's Law Dictionary and Webster's Collegiate Dictionary to conclude that violence includes the use

2

of physical force.  *Id*. at 416.  Moreover, the *Alonzo-Garcia* court notes that the Supreme Court also used dictionary definitions when concluding in *Johnson v. United States* that "[e]ven by itself, the word 'violent' in [the ACCA] connotes a substantial degree of force."  559 U.S. 133, 140 (2010).  There the Supreme Court interpreted "violent" in the context of the Armed Career Criminal Act's definition of "violent felonies," which is very similar to § 2L1.2's physical force clause.  As such, we follow *Ramos-Bonilla's* holding that a prior conviction under Florida's resisting an officer with violence statute is a crime of violence under § 2L1.2.

Additionally, as to Shilon-Mendez's assertion that § 843.01 does not meet § 2L1.2's "intentional" requirement, we disagree.  The Eleventh Circuit in *U.S. Romo-Villalobos*, 674 F.3d 1246 (2012) which also held § 843.01 to be a crime of violence, aptly explained that "Florida case law instructs that general intent crimes – of which § 843.01 is one – typically require some form of 'intent' and are distinguishable from 'accidental' or 'strict liability' crimes. *Id.* at 1251.  Accordingly, § 843.01 is not precluded from § 2L1.2's "intentional" requirement.

AFFIRMED.