Sean N. GEIGER, Plaintiff–Appellant,

v.

PRISON REALTY TRUST, INCORPORATED; Corrections Corporation of America; Percy Pitzer, Warden; Charles Howard; Jamison Burvee; Carolyn McGraw; John Wayne McGraw; Twila Tignor, Defendants–Appellees.

No. 00–6594.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Sean N. Geiger, a prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 21, 2000, Geiger filed a complaint against the Prison Realty Trust and Corrections Corporation of America, operators of the Whiteville Correctional Facility ("WCF") located in Tennessee; several correctional officials employed at the WCF, Geiger's former place of confinement; and a counselor employed at the North Fork Correctional Facility ("NFCF") located in Oklahoma, where Geiger is currently incarcerated. Relying upon the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, Geiger alleged numerous claims against the defendants,

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

including, inter alia, that his transfer to the NFCF was unconstitutional and forced him to dismiss several pending lawsuits in Tennessee state courts and that the defendants confiscated or lost his personal property. Geiger sought monetary, equitable, and injunctive relief.

Despite Geiger's failure to demonstrate that he had exhausted his available administrative remedies, the district court dismissed the complaint under the authority of 42 U.S.C. § 1997e(c)(2), upon its determination that the claims raised were frivolous. Geiger has filed a timely appeal.

Initially, we note that most of Geiger's claims have been abandoned. In his appellate brief, Geiger challenges the district court's dismissal of his complaint pursuant to the provisions of the Prison Litigation Reform Act and disposition of only a few of the numerous claims raised in his complaint. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

■ We review de novo a judgment dismissing a suit as frivolous under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court improperly dismissed Geiger's complaint as frivolous. *See Brown*, 207 F.3d at 866. However, the district court's error was harmless because the complaint is subject to dismissal under § 1915(e)(2)(B)(ii), as the allegations raised in Geiger's complaint fail to state a claim upon which relief may be granted. *See id.* at 867.

■ Contrary to Geiger's contention, he clearly meets the definition of "prisoner" found in § 1915(h), as he is confined in a facility and has been convicted of and sentenced for a criminal offense. The fact that the prison in which Geiger is housed is operated by a private corporation does not change his status as a prisoner.

■ Geiger's remaining allegations fail to state a claim upon which relief may be granted. Geiger failed to state a due process claim based upon his transfer from the WCF to the NFCF. A prisoner has no inherent constitutional right to be confined in a particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 245–46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir.1995). Geiger failed to state a retaliation claim because no adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct" was taken against Geiger. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Geiger did not allege that his transfer to the NFCF prevented or deterred him from continuing to write grievances and file lawsuits.

■ Geiger failed to allege a First Amendment right of access to the courts claim because his allegation that his transfer prohibited him from prosecuting his pending litigation is purely speculative and fails to establish actual injury or prejudice to his litigation. *See Lewis v. Casey*, 518 U.S. 343, 352–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Geiger did not allege that he was denied the opportunity to present his claims in court or that his access to the courts was obstructed or impeded by the defendants. *See Ward*, 58 F.3d at 275. Finally, Geiger failed to allege a due process claim based upon the alleged theft of his personal property. Geiger alleged a random and unauthorized deprivation of his property. Thus, it would have been impracticable or impossible for the WCF to provide pre-deprivation process. *See Zinermon v. Burch*, 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor*, 451

U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). Moreover, Geiger has not alleged that state post-deprivation remedies are inadequate. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland,* 57 F.3d at 479.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.