**Melissa EDWARDS, Plaintiff– Appellant,**

v.

**KENTUCKY SCHOOL BOARDS ASSOCIATION; Mark Edwards, Defendants–Appellees.**

No. 01–5746.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

## ORDER

This pro se plaintiff appeals a district court judgment dismissing her complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified monetary damages, Melissa Edwards, on behalf of her minor son (Brent Edwards), sued the Kentucky School Boards Association (KSBA) in its official capacity, and her former attorney (Mark Edwards) in his official capacity. Without specifying any constitutional violation, Melissa Edwards claimed that her son had been abused while at Morgan Elementary School (Paducah, Ky.), and that he had suffered a fractured hip from a fall on the bus, a broken tooth from falling against a window, a slap across his face, and improper restraint in a harness while at a city park.

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

In her timely appeal, Melissa Edwards essentially reasserts the claims that she set forth in the district court.

This court reviews de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

Upon review, we conclude that Melissa Edwards's complaint fails to state a claim upon which relief may be granted and was properly dismissed by the district court. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Melissa Edwards's complaint contains no factual allegations in support of her claims. Thus, even under the most liberal construction, her complaint does not state a claim for relief.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion of May 29, 2001.