*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0109P (6th Cir.)
File Name: 00a0109p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

FORREST ZAYNE BROWN,
    *Plaintiff-Appellant,*

STEPHEN MICHAEL
RICHMOND, CHRISTOPHER
MICHAEL CROFT, and TONY
LYNN MEADOWS,
    *Plaintiffs,*

    *v.*

ALAN BARGERY,
    *Defendant-Appellee.*

No. 98-6481



Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 98-01217—James D. Todd, District Judge.

Submitted: February 2, 2000

Decided and Filed: March 27, 2000

Before: MERRITT, SILER, and MOORE, Circuit Judges.

1

---

**COUNSEL**

**ON BRIEF:** Forrest Zayne Brown, Chattanooga, Tennessee, pro se.

MOORE, J., delivered the opinion of the court, in which MERRITT, J., joined.  SILER, J. (pp. 9-10), delivered a separate dissenting opinion.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge.  Forrest Zayne Brown, a Tennessee prisoner proceeding pro se and in forma pauperis, appeals a district court order dismissing his 42 U.S.C. § 1983 civil rights claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  Because Brown's complaint contains factual allegations and legal theories that conceivably implicate Eighth Amendment concerns, the district court erred when it dismissed the complaint as frivolous pursuant to § 1915(e)(2).  Furthermore, we believe the error was not harmless because the district court could not have properly dismissed Brown's complaint pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.  Thus, we **REVERSE** the district court's judgment, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND

Brown and three other inmates at the Hardeman County Correctional Facility brought this § 1983 suit against their warden, Alan Bargery, seeking equitable relief on grounds that the conditions at the prison violated their Eighth Amendment rights. Plaintiffs alleged that the sleeping bunks located in one of the prison's housing units had been improperly installed upside down, causing the inmates to slide

I have had to go to the extremes of taking an old piece of sheet, ripping it into strips, and actually tying my mattress onto the steel bunk so that it would no longer slide off.

Thus, his bed has been taken care of. If the cruel and unusual punishment here is allowing the mattresses to slide off the steel bunks, then inmates can easily cure the problem by tying the mattresses in the very creative way suggested by Brown, or in some other fashion.

That leaves as an issue only the bolts which stick out of the wall and upon which inmates occasionally scratch themselves. I do not see how protruding bolts can constitute cruel and unusual punishment, even if they stick out over a bunk. They are not spikes and they do not seem to protrude for any great distance, according to the diagram in the record.

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The "officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27) (1984)).

The officials in the institution involved in this case may have been unwise or negligent, but their conduct has not risen to the level of being deliberately indifferent under the Eighth Amendment. Therefore, I would affirm the decision of the district court.

off their bunks and land onto the concrete floor. Plaintiffs also alleged that the anchor bolts that fasten the bunks to the wall improperly protruded into their sleeping area, which could potentially cause an injury. Brown initially filed a grievance with the prison's review committee, but the grievance was denied after prison officials claimed that the sleeping bunks had been installed in accordance with the manufacturer's specifications.

On August 26, 1998, Brown and the other inmates filed a motion to proceed in forma pauperis. Brown was the only one of the inmates who properly completed and submitted an in forma pauperis affidavit and a prison trust fund account statement. On September 22, 1998, the district court "screened" the case in accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), dismissing it sua sponte pursuant to 28 U.S.C. § 1915(e)(2) on grounds that the Eighth Amendment claim was frivolous. The district court also certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.[1] Brown now appeals the district court's decision to dismiss his complaint as frivolous.

## II. ANALYSIS

The district court granted Brown's motion to proceed in forma pauperis and then dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).[2] This court has held that

---

[1] Brown may appeal the district court's dismissal of the complaint as frivolous even though the district court certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith. *See, e.g., McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

[2] 28 U.S.C. § 1915(e)(2) provides:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

a district court should only use § 1915(e)(2) to screen a prisoner complaint in those instances where a prisoner is proceeding in forma pauperis. *See Benson v.O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Because Brown has requested leave to proceed in forma pauperis, the district court properly applied the screening requirements set forth in § 1915(e)(2) to the allegations in this case.[3]

We review de novo a judgment dismissing a suit as frivolous pursuant to §§ 1915(e)(2) and 1915A(b). *McGore*, 114 F.3d at 604. The Supreme Court has explained that a complaint should be dismissed as frivolous only if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *see also Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990) ("Examples of legal claims which are frivolous under *Neitzke* would be a state prisoner's assertion of an eighth amendment claim stemming from the actions of a state corrections officer against the United States Attorney General or a prisoner's assertion of a right to have a steak dinner once a week.").

In *Nietzke*, the Supreme Court considered a district court's sua sponte dismissal of a plaintiff's Eighth Amendment claim on grounds that the claim was frivolous. The plaintiff in *Nietzke*, an inmate in the custody of the Indiana Department of Corrections, alleged that his Eighth Amendment rights had been violated by prison officials who repeatedly denied his

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

[3] The district court should also have applied the screening requirements set forth in 28 U.S.C. § 1915A(b), which are virtually identical to the screening requirements set forth in § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Section 1915A applies in the present case because Brown is a prisoner who seeks redress from a government employee. 28 U.S.C. § 1915A(a).

---

## DISSENT

---

SILER, Circuit Judge, dissenting. Although I agree that the district court might have erroneously dismissed the case as frivolous under 28 U.S.C. § 1915(e)(2), I feel that we should nevertheless affirm the decision of the district court because Forrest Zayne Brown, the plaintiff, failed to state a claim upon which relief may be granted under either 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment only arises in prison conditions when an official is deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Even considering the evidence in the light most favorable to Brown, as we must in a motion to dismiss, I do not see that there was a substantial risk of serious harm to Brown. The conditions of which he complains are that the bunks are improperly installed in some of the areas, including his cell in the prison, resulting in his falling out of bed and skin abrasions from the bolts which protrude from the wall near his bunk.

I do not question the subjective test which the majority states is required, because Brown has apparently brought the defective conditions to the attention of prison authorities. However, the objective test set out in *Farmer* is the one which fails in this case. This is a simple case of alleged negligence. According to the district court, the plaintiffs could file a claim against the state on a negligence theory under Tennessee law, but a negligence claim is not actionable under 42 U.S.C. § 1983. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Admittedly, the failure of the bunk as presently installed without the lip on the upper side to retain the mattress might cause mattresses to slip, when the inmate rolls about in his bed. However, Brown's original complaint provided an excellent solution which any inmate who rolls about in his bed could effect. In his complaint, he states:

we must assume, for present purposes, that the beds in the specified housing units were improperly installed upside down, which would pose an unreasonable risk of future injury by causing inmates to fall from their bunks while asleep and by subjecting inmates to the hazards of rolling into sharp protruding mounting bolt studs. Pls.' Compl. at 2. Moreover, we must assume – based on Brown's allegations concerning his repeated attempts to notify prison officials about the conditions in his cell – that the warden knew about and deliberately disregarded the risk to Brown's health and safety. *See* Pls.' Compl. at 2-5. Thus, we hold that the district court's dismissal of Brown's complaint as frivolous was not harmless because the district court could not have properly screened this case under § 1915(e)(2) even if the district court had articulated as its theory for dismissing the complaint the rationale of failure to state a claim on which relief may be granted.

### III. CONCLUSION

Because Brown's complaint contains factual allegations and legal theories that conceivably implicate Eighth Amendment concerns, the district court erred when it dismissed the complaint as frivolous pursuant to § 1915(e)(2). Furthermore, we believe the district court could not have properly dismissed Brown's complaint pursuant to § 1915(e)(2) even on the basis of failure to state a claim on which relief may be granted. Thus, we **REVERSE** the district court's judgment, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

requests for medical treatment. The district court screened the case pursuant to 28 U.S.C. § 1915(d),[4] dismissing the complaint as frivolous after it determined that these allegations merely "described a constitutionally noncognizable instance of medical malpractice." *Nietzke,* 490 U.S. at 321-22. In dismissing the complaint, the district court equated the standard for frivolousness with the standard for a dismissal for the failure to state a claim upon which relief may be granted. On appeal, the Seventh Circuit reversed the district court's determination that the complaint was frivolous, and a unanimous Supreme Court affirmed the Seventh Circuit's decision. The Court explained that "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.* at 328.

In the present case, the district court determined that Brown's personal safety claims were legally frivolous because his complaint did not satisfy the objective and subjective components of an Eighth Amendment violation. Like the district court in *Nietzke*, the district court in this case has confused a dismissal on grounds that a complaint is frivolous with a dismissal for the failure to state a claim upon which relief may be granted. Indeed, it is important to remember that Brown's complaint is frivolous only if the legal theories raised in the complaint are indisputably meritless or if the factual contentions are fantastic or delusional. Here, Brown's claims regarding the improperly installed sleeping bunks could conceivably implicate Eighth Amendment concerns. *See, e.g., Thaddeus-X v. Blatter,* 175 F.3d 378, 402-03 (6th Cir. 1999) (en banc) (holding that material issues of fact precluded summary judgment on inmate's Eighth Amendment

---

[4] Congress revised § 1915(d) and renumbered it as § 1915(e)(2) when it enacted the Prison Litigation Reform Act of 1995. Although Congress has made several substantive changes to § 1915 since the Supreme Court's decision in *Nietzke, see, e.g., Benson,* 179 F.3d at 1016, these changes do not affect the Court's analysis so far as the decision attempts to clarify what is meant by the term "frivolous."

claims challenging the conditions of his confinement). Thus, we conclude that the district court erred when it dismissed Brown's complaint as frivolous pursuant to § 1915(e)(2).

Furthermore, we believe that the district court's decision to dismiss Brown's complaint as frivolous does not amount to a harmless error because the district court could not have properly dismissed Brown's complaint pursuant to § 1915(e)(2) even if it had articulated as its theory that Brown's complaint failed to state a claim on which relief may be granted. We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2) and 1915A(b), viewing all the facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff. *McGore,* 114 F.3d at 604. Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996) ("A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984))*, cert. denied,* 520 U.S. 1251 (1997).

Brown has sufficiently stated an Eighth Amendment claim if he has alleged facts that, if proven, would show that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Woods v. Lecureux,* 110 F.3d 1215, 1222 (6th Cir. 1997). This test involves both an objective and subjective component. The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citations omitted). As the Supreme Court explained in *Farmer*, "[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* To satisfy the subjective component, an

inmate must show that prison officials had "a sufficiently culpable state of mind." *Id.* (citations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (citations omitted). Although the deliberate indifference standard "describes a state of mind more blameworthy than negligence," this standard is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 835, 837.

Here, Brown's allegations regarding the improperly installed sleeping bunks deal primarily with a single problem at the prison: the unsafe sleeping environment in which the improperly installed bunks caused inmates to slide off their bunks and land on the concrete cell floor and subjected inmates to the hazards of rolling into protruding anchor bolt studs. Pls.' Compl. at 2. These allegations are analogous to those made in *Helling v. McKinney,* 509 U.S. 25, 28 (1993), a case in which an inmate brought a § 1983 claim against prison officials, alleging that these officials had violated his Eighth Amendment rights by forcing him to share a cell with another inmate who smoked five packs of cigarettes a day. The Supreme Court concluded that the inmate had sufficiently alleged an Eighth Amendment claim because the Eighth Amendment prohibits prison officials from exhibiting deliberate indifference toward future health problems that an inmate may develop as a result of current prison conditions. *Id.* at 35. As the Court explained, "[A plaintiff] states a cause of action under the Eighth Amendment by alleging that [defendants] have, with deliberate indifference, exposed him to levels of [Environmental Tobacco Smoke] that pose an unreasonable risk of serious damage to his future health." *Id.*

Like the inmate in *Helling*, the plaintiffs in the present case have alleged facts that could conceivably show that the warden acted with deliberate indifference towards future health problems that the inmates may develop as a result of the unsafe sleeping conditions in their housing cells. Indeed,