**David L. HORN, Plaintiff–Appellant,**

v.

**Dennis ELLISON, et al., Defendants–Appellees.**

No. 99–4522.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

David Horn, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Horn sued several private defendants, alleging that they conspired to have him convicted of kidnapping; he also sued the prosecutor and the judge from his criminal trial. The district court concluded that Horn had failed to state a claim and dismissed the case. The court subsequently denied Horn's motion for reconsideration. Horn has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Horn's

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

complaint for failure to state a claim. This court renders de novo review of a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

 Horn has not set forth sufficient facts in support of his claims that would entitle him to relief. Horn alleges that the defendants engaged in a conspiracy which resulted in his current conviction. However, a state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily imply that his conviction is invalid, unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Furthermore, the claim is not cognizable and must be dismissed regardless of whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487, 114 S.Ct. 2364. Even though Horn does not specifically request release from incarceration, a judgment in his favor would necessarily imply that his present incarceration is illegal because his complaint clearly sets forth contentions that his current conviction is unlawful due to the defendants' alleged conspiracy.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.