LaBryant KING, Plaintiff–Appellant,

v.

MONTGOMERY COUNTY SHERIFF'S DEPARTMENT, et al., Defendants–Appellees.

No. 00–5688.

United States Court of Appeals, Sixth Circuit.

May 4, 2001.

Before NORRIS and COLE, Circuit Judges; STEEH, District Judge.*

### ORDER

LaBryant King, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

King brought this action against the Montgomery County Sheriff's Department, the Sheriff of Montgomery County, four members of the Montgomery County Sheriff's Department, the Circuit Court of Montgomery County, and two Circuit Court judges in Montgomery County. On October 16, 1997, a deputy from the Montgomery County Sheriff's Department served King with a capias and an arrest warrant issued in the name of Walter Lewis Merriweather ("the Merriweather capias"). In January 1998, the capias and arrest warrant were dismissed. King claims that the defendants knew or should have known that he was not the person referred to in the capias and arrest warrant. Thus, he believes that he was the victim of a false arrest. In addition, King claims that the bail in those cases was excessive. King sought injunctive and monetary relief and sued the defendants solely in their official capacities.

In a memorandum entered October 1, 1998, the district court dismissed the claims against the Montgomery County Sheriff's Department, Montgomery County Sheriff Billy Smith, Doug Tackett, the Circuit Court of Montgomery County, and Montgomery County Circuit Court judges Robert Wedemeyer and John Gasaway pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Thereafter, the remaining defendants filed a motion for summary judgment. In a memorandum entered April 17, 2000, the district court granted summary judgment for the remaining defendants. This timely appeal followed.

■ We review de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), *see Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), and review a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 887 (6th Cir.1993).

■ Upon review, we conclude that the district court properly dismissed King's complaint against the Montgomery County Sheriff's Department, Sheriff Billy Smith, and Doug Tackett because King did not allege a causal connection between a municipal policy and any constitutional deprivation. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997).

■ The district court properly dismissed the Montgomery County Circuit Court because, unless expressly waived, a state, its agencies and state officials sued in their official capacity are immune from an action under the Eleventh Amendment, and the Montgomery County Circuit Court did not waive its right to be sued in this case. *Welch v. Tex. Dep't of Highways and Pub. Transp.,* 483 U.S. 468, 472–73, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987).

■ The district court properly dismissed Judge Wedemeyer and Judge Gasaway for the reasons stated by that district court. There are no specific allegations in the complaint to suggest that these defendants acted improperly. In any event, state judicial officers enjoy absolute immunity from liability for damages for conduct within the scope of a court's jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Upon further review, we conclude that summary judgment for defendants Janusas, Marshall and Lunsford was proper for the reasons set forth in the district court's memorandum entered April 17, 2000. The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.