**Aaron N. JAMES, Plaintiff–Appellant,**

v.

**Ron O'BRIEN, et al., Defendants–Appellees.**

**No. 01–3040.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Aaron N. James, an Ohio resident proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The complaint alleges that on January 2, 1996, James entered a plea agreement to plead guilty to drug abuse, a fourth degree felony. The plea agreement provided that James would be granted "Treatment in Lieu of Conviction" under Ohio Rev.Code § 2951.041. That statute provides that if the defendant successfully completes the treatment program, "the Court shall dismiss the charges against the offender."

The complaint further alleges that James began treatment during January 1996 and completed the treatment program during August 1996. In August, the treatment counselor reported that James had completed the treatment program, and the counselor completed a case closure/summary indicating that James's treatment program was closed on August 1, 1996 for the reason that he had met the goals of treatment and no additional services were needed.

However, the complaint alleges that during September 1996, defendant Probation Officer Melissa Shade told the treatment counselor that James had tested positive for alcohol and that he should begin treatment again. When James reported to the treatment program for additional treatment, the complaint alleges, Shade instructed the treatment counselor not to allow James to restart the program.

During January 1997, Shade filed a probation violation report alleging that James had failed to complete the treatment program. The complaint alleges that Shade falsely testified during the probation revo-

cation hearing that James had not successfully completed the drug treatment program. The complaint further alleges that the defendants committed a number of acts violating James's constitutional rights in connection with the probation revocation proceedings. The result was that James was convicted for drug abuse and sentenced to a term of incarceration.

The matter was referred to a magistrate judge for screening of the complaint under 28 U.S.C. § 1915(e)(2). The magistrate judge issued a report and recommendation recommending that the complaint be dismissed because it attacks James's conviction for drug abuse, which conviction has not been vacated or otherwise set aside. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Despite James's objections, the district court adopted the magistrate judge's report and recommendation in an order entered November 28, 2000. This timely appeal followed.

Upon de novo review, *see Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we conclude that the district court properly dismissed James's complaint for the reasons stated by the magistrate judge as adopted by the district court in its order filed November 27, 2000 and entered November 28, 2000

Accordingly, the district court's order should be affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.