**Edsel LOVE, Plaintiff–Appellant,**

v.

**Bob TAFT, Governor, et al., Defendants–Appellees.**

**No. 01–3465.**

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

*ORDER*

Edsel Love appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Love sued numerous Ohio correctional officials and medical personnel, alleging that they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The district court concluded that Love's claims were without merit and dismissed the case. Love has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Love's case because it failed to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

Love has not set forth sufficient facts that would entitle him to relief. Love asserts that, although his prison

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

medical files reflected that he had elevated liver enzymes in 1994, the defendants did not diagnose him as suffering from hepatitis until 2000. To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, Love must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir.1994). A prison official is deliberately indifferent when he acts with criminal recklessness, a state of mind that requires that he act with a conscious disregard to a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105–06.

Love has not set forth sufficient facts demonstrating that the defendants were deliberately indifferent to his serious medical needs. In essence, Love is arguing that the defendants violated his Eighth Amendment rights by delaying the proper diagnosis and treatment of his hepatitis. For an Eighth Amendment claim based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). Love has not met this requirement; indeed, Love has not alleged any actual detrimental effect resulting from the delay in treatment. We also conclude that Love's remaining arguments are without merit.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.