**James Fitzgerald WATSON, Plaintiff–Appellant,**

v.

**Harvey E. BAXTER, Officer, Paducah Police Department; Paducah Police Department, Defendants–Appellees.**

**No. 01–5971.**

United States Court of Appeals, Sixth Circuit.

March 27, 2002.

Before NORRIS, SILER and GILMAN, Circuit Judges.

James Fitzgerald Watson, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Watson is currently incarcerated in the McCracken County Jail. Named as defendants are the Paducah Police Department and Harvey E. Baxter, a police officer with the Paducah Police Department. Watson sues defendant Baxter in his official capacity and seeks monetary and punitive damages.

Watson asserts a violation of his rights under the Fourth Amendment to the United States Constitution. According to the complaint, Watson fled on foot from the police on October 22, 1999. Another police officer told Defendant Baxter, "if you can't catch him run his ass over." Watson alleges that he was struck with the police car. Watson was ultimately handcuffed. Watson alleges that after being handcuffed, several officers, including Defendant Baxter, struck him with their night sticks. He further alleges that when the officers lifted him up to place him in the police car, he smacked the end of the police car with his face leaving a big welt. Watson asked Defendant Baxter several times why he ran over him with the police car and was told to shut up. Watson alleges that upon his arrival at the police station, Officer James Reynolds said that he would check into the incident, but Watson states that nothing was ever done. Lastly, Watson asserts that he told an officer that he needed to go to the hospital, but he never received any medical attention. The district court dismissed the complaint, pursuant to 28 U.S.C. § 1915A(b)(1), after concluding that Watson failed to state a claim upon which relief may be granted. This timely appeal followed.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

"Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867.

■ Upon review, we conclude that the district court properly dismissed Watson's complaint pursuant to 28 U.S.C. § 1915A(b)(1). Watson sues Defendant Baxter in his official capacity. State officials are not subject to suit for monetary damages in their official capacities. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, Defendant Baxter is not subject to suit for monetary damages. If an action is brought against an official of a governmental entity only in his official capacity, the suit is construed as brought against the governmental entity. *Id.* at 68, 109 S.Ct. 2304.

Municipal entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993). The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir.1993). A governmental entity may not be sued under § 1983 for an injury inflicted solely because it employed a tortfeasor; the doctrine of respondeat superior simply does not apply to § 1983 suits. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ As pointed out by the district court, Watson has failed to allege the existence of a governmental policy or custom relative to the nature of his claims. Moreover, nothing in the record demonstrates that the alleged injuries to Watson resulted from the application of a city policy or custom, and nothing in the complaint alleges that Defendant Baxter's actions or inactions occurred as a result of a policy or custom endorsed by the city. Therefore, the complaint was properly dismissed for failure to state a claim upon which relief may be granted.

■ Alternatively, Watson's complaint is time-barred. In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky.Rev.Stat. Ann. § 413.140(1)(a); *Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard,* 896 F.2d at 183 (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)). Here, the allegations contained in the complaint concern events that occurred on October 22, 1999. Watson, however, filed his complaint on February 20, 2001, which falls outside the one-year limitations period.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.