Larry Joe **WALKER**, Plaintiff– Appellant,

v.

Roger **ALTENA**, et al., Defendants– Appellees.

No. 01–2435.

United States Court of Appeals, Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

### ORDER

Larry Joe Walker, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Walker sued the Sheriff of Newaygo County (Michigan) and several of his police officers in their individual and official capacities, alleging that the defendants violated his constitutional rights during the arrest that led to his current incarceration. The district court determined

that Walker's claims were without merit and dismissed the case for failure to state a claim. Walker has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Walker's case because it failed to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

As Walker paid the filing fee for this action, he argues that the district court should not have dismissed the case without first providing him with notice and an opportunity to amend his complaint. However, his complaint was subject to dismissal under § 1915A without notice because it sought relief from a governmental entity or employee and failed to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997).

Since Walker seeks to attack the constitutionality of his arrest and subsequent conviction for murder, his claim is not cognizable under § 1983. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence invalid, unless his sentence has been reversed on direct appeal, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to ob-

tain monetary damages or to attack the validity of his confinement. *Id.; Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). Walker's confinement has not been remedied by any of the aforementioned procedures.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.