**Clydell MACK, Plaintiff–Appellant,**

**v.**

**Harold E. CARTER, Warden, et al., Defendants–Appellees.**

**No. 01–4329.**

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District

Judge.*

### ORDER

Clydell Mack, an Ohio state prisoner, appeals pro se a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mack filed this action against the warden and the acting deputy warden of his place of confinement. His complaint alleged that, on January 4, 2001, he was beaten with a baton by a corrections officer while restrained in shackles and belly chains. He was subsequently found guilty of fighting the officer and placed in punitive segregation for six months. His complaint was that the named defendants had approved his conviction and disciplinary placement, and had approved other allegedly frivolous misconduct reports against him. The district court dismissed the complaint for failure to state a claim because the named defendants could not be held liable on the basis of respondeat superior. This appeal followed.

Upon consideration, we conclude that the order dismissing this complaint for failure to state a claim must be affirmed, as the record shows that Mack could prove no facts which would entitle him to relief. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

The district court correctly noted that supervisors cannot be held liable under § 1983 for the alleged misdeeds of their employees, unless they encouraged the subordinates' misconduct. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

Furthermore, Mack failed to state a claim of a due process violation in this complaint because he did not allege that he suffered an atypical and significant hardship which would implicate a liberty interest. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998).

Accordingly, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.