**Cassandra PARKER, Plaintiff–Appellant,**

v.

**Benny NAPOLEON, Defendant–Appellee.**

No. 01–2293.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 2002.

Before KRUPANSKY and CLAY, Circuit Judges; GWIN, District Judge.*

Cassandra Parker appeals a district court order dismissing her civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Parker sued the Chief of the Detroit Police Department, alleging that the department failed to protect her apartment and failed to investigate her claims of illegal breaking and entering. The district court concluded that Parker's claims were frivolous and dismissed the case. Parker has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Parker's complaint as frivolous. This court reviews de novo a district court judgment dismissing a suit as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir. 2000). A complaint is frivolous if it lacks an arguable or rational basis either in law or in fact. *Id.* at 866.

We initially note that the district court dismissed Parker's case because she had not demonstrated that the state remedies for redressing the alleged violation of her due process rights were inadequate. While a civil rights plaintiff alleging a violation of her due process rights as the result of a random and unauthorized act must show the inadequacy of state postdeprivation remedies, this showing is not required when the alleged state action is made pursuant to established state procedures. *Mertik v. Blalock*, 983 F.2d 1353, 1364–65 (6th Cir.1993). Since Parker is not alleging that the defendant's actions were random or unauthorized in this case, but were instead made pursuant to department policy, she does not need to demonstrate the inadequacy of state postdeprivation remedies to state a claim for violation of her due process rights.

Nonetheless, this court will affirm the judgment for reasons different than those stated by the district court, *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000), because Parker's underlying claims are frivolous. Parker alleges that an illegal breaking and entering occurred at her apartment and the defendant did not protect the property or investigate her complaints concerning the break-in. However, the police have no affirmative due process duty to protect citizens against illegal private acts, *see Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir.1998), and the state does not violate an individual's due process rights by failing to protect her from the criminal actions of a private actor. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1065 (6th Cir.1994). The Due Process Clause does not bestow upon individuals an affirmative right to government aid, even when the aid may be necessary to secure the property interests of which the government itself did not deprive the individual. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The purpose of the Due Process Clause is to protect individuals from state actors, not to ensure that the state protects them from each other. *Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir.1999). Further, the failure of the police to investigate crimes against a person does not state a civil rights claim. *Sheets v. Mullins*, 287 F.3d 581, 590 (6th Cir.2002). Therefore, Parker's claims are clearly meritless.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.