**Lionel HUNTER, Plaintiff–Appellant,**

v.

**Terry SHERMAN, Warden, et al., Defendants–Appellees.**

**No. 02–1637.**

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, and GILMAN, Circuit Judges.

*ORDER*

Lionel Hunter, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hunter brought this civil rights action against defendants Warden Terry Sherman, Assistant Deputy Warden of Housing Jim Young, Corrections Officer Kananen, and Michigan Department of Corrections Director Bill Martin. The amended complaint asserts that the defendants are responsible for improper security precautions at Ojibway Correctional Facility, which resulted in Hunter's cell being broken into and the loss of Hunter's personal property. Hunter seeks monetary and injunctive relief. He sues defendant Martin in his official capacity, and the remaining defendants in both their individual and official capacities. The district court dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). This timely appeal followed.

This court reviews de novo a district court's order dismissing a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of

facts in support of his claims that would entitle him to relief. *Id.*

Upon review, we conclude that the district court properly concluded that Hunter's complaint failed to state a claim upon which relief may be granted. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996).

Hunter alleged in his complaint that prison officials were deliberately indifferent and negligent for failing to protect his personal property from harm by another inmate. These contentions lack merit. First, Hunter cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm"). Second, Hunter's claim of negligent deprivation of property by state officials is not cognizable under section 1983 because he has an adequate post-deprivation remedy under Michigan law. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.