**Minyard Cass DAVIS, Plaintiff–Appellant,**

v.

**Bill MARTIN, Director, Michigan Department of Corrections, et al., in their individual and official capacities, Defendants–Appellees.**

No. 02–1824.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

Minyard Cass Davis, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pur-

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

suant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis filed this complaint in forma pauperis, naming a number of employees of the Michigan Department of Corrections as defendants, and alleging that they had placed him on modified grievance access in violation of his First Amendment rights, and in retaliation for his filing of grievances. The district court screened the complaint and dismissed it for failure to state a claim. Davis has reasserted his claims on appeal. Counsel for defendants has informed the court that he will not be filing a brief.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Davis could prove no facts which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

■ Davis failed to state a claim of a denial of access to the courts in violation of his First Amendment rights, because he did not show prejudice to any nonfrivolous court proceeding. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Davis argued that he was unable to exhaust his administrative remedies, and therefore would not be able to file a civil rights action. The district court properly pointed out that, if Davis were wrongfully denied access to the grievance procedure, he would be able to show that the procedure was unavailable and therefore would not be prohibited from filing a civil rights action on that basis.

■ Davis also failed to state a claim of retaliation in violation of his First Amendment rights. In order to state a claim under this theory, Davis was required to show that he engaged in protected conduct, that he was subject to an adverse action designed to deter him from engaging in such conduct, and that there was a causal connection between the protected conduct and the adverse action. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). In this case, the record showed that Davis had filed a large number of grievances, many of which were rejected as raising non-grievable issues, raising multiple issues, or being duplicative, in addition to some which were denied on the merits. Because of his excessive and meritless grievances, he was placed on modified grievance access, which entails seeking approval before a grievance may be filed. In order for the filing of grievances to constitute protected conduct which may not be retaliated against, Davis must not have violated prison regulations with his grievances. *Smith v. Campbell*, 250 F.3d 1032, 1036–37 (6th Cir.2001). In this case, Davis did violate prison regulations by his abuse of the grievance process. Moreover, he also failed to show that an adverse action was taken against him which would deter him from engaging in protected conduct. His placement on modified grievance access only ensured that he would file grievances that complied with prison regulations, thus allowing him to engage in the precise conduct which he alleged he wished to pursue.

For the above reasons, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.