Jack CARNES; David Todd Inman,
Plaintiffs–Appellants,

v.

John ENGLER; et al., Defendants–
Appellees.

No. 03–1212.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2003.

Jack Carnes, West Shoreline Correc-
tional Facility, Muskegon Heights, MI,
David Todd Inman, Pugsley Correctional
Facility, Kingsley, MI, for Plaintiffs–Ap-
pellants.

Before GIBBONS and SUTTON, Circuit
Judges; and TARNOW, District Judge.*

*ORDER*

Jack Carnes and David Todd Inman,
proceeding pro se, appeal a district court
judgment dismissing their civil rights com-
plaint filed under 42 U.S.C. § 1983. This

---

* The Honorable Arthur J. Tarnow, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, the plaintiffs sued former Michigan Governor (John Engler), and the director of the Michigan Department of Corrections (William Overton), essentially challenging the Michigan parole system. The plaintiffs claim that: 1) the current Michigan Parole scheme has created a protected liberty interest in parole by severely restricting the discretion of the parole board (Board); 2) the Michigan parole system improperly denies prisoners the right to appeal Board decisions in violation of their equal protection rights; 3) the plaintiffs' equal protection rights have been violated because other inmates received parole even though their crimes were similar or worse than the plaintiffs' crimes; and 4) the Michigan parole scheme violates the Eighth Amendment prohibition against cruel and unusual punishment. (Att.3). Upon review, the district court concluded that the plaintiffs failed to state a claim and dismissed the complaint.

On appeal, the plaintiffs reassert their claims. They also argue that the district court erred when it dismissed their complaint as improperly brought under § 1983.

Initially, we note that, contrary to the plaintiffs' argument on appeal, the district court did not dismiss their complaint as improperly brought under § 1983. Rather, in a footnote, the court explained that, to the extent that the plaintiffs' were challenging the fact or duration of their confinement, the action had to be dismissed because such an attack would need to be brought in a habeas proceeding.

Upon review, we conclude that the district court properly dismissed the plaintiffs' complaint. This court reviews de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

■ The district court properly concluded that the Michigan parole scheme does not create a protected liberty interest. In support of their claim, the plaintiffs argued that the current Michigan parole scheme creates a protected liberty interest in parole because it places severe restrictions on the Board's discretion to grant or deny parole, and because it requires the Board to provide "substantial and compelling reasons" for departing from the parole guidelines. Prisoners have "no constitutional or inherent right" to parole or a parole hearing. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Michigan law provides that "[t]he release of a prisoner on parole shall be granted solely upon the initiative of the parole board." Mich. Comp. Laws Ann. § 791.2359(1)(a) (West Group 2002). Contrary to the plaintiffs' argument, the ultimate authority to grant parole still lies within the discretion of the Board. Hence, the Michigan parole scheme does not create a protected liberty interest in release on parole.

The district court also properly concluded that the plaintiffs did not state an equal protection claim concerning their inability to appeal the Board's parole decision. Legislation or government action is presumed valid if the classification of groups is rationally related to a legitimate state interest. *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In this case, the rational basis test is used because inmates are not a suspect class. *see Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997), and because the plaintiffs' claim

does not involve a fundamental right. A § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); *City of Cleburne*, 473 U.S. at 440, 105 S.Ct. 3249.

■ As the district court properly noted, the State of Michigan could rationally intend the limitation on appeal right to provide a counter-balance to a prisoner's obvious incentive to litigate the issue of parole and to protect the state treasury from the expense needed for responding to appeals of parole denials. *See, e.g., Johnson v. Rodriguez*, 110 F.3d 299, 307 n. 11 (5th Cir.1997) (holding that it is not irrational for the state to avoid the expense and inconvenience of formal, adversarial type parole hearings). In addition, the Michigan parole statutes include the protection of public safety as a stated purpose. *See Hopkins v. Michigan Parole Board*, 237 Mich.App. 629, 604 N.W.2d 686, 689 (1999). The statutes further the rights of victims of various crimes, which is also a legitimate state purpose. For these reasons, there exists a rational relationship to a legitimate state purpose in the Michigan parole scheme prohibiting a prisoner from appealing an adverse Board decision, and the plaintiffs' allegations failed to eliminate any such rational basis.

Finally, we note that the plaintiffs also appear to have argued that denying them an opportunity to appeal adverse Board decisions violates their due process rights in light of their claim that the Michigan parole scheme creates a protected liberty interest. However, for the reasons stated above, this claim clearly lacks merit.

■ The district properly concluded that the plaintiffs did not state an equal protection claim concerning the Board's decision to deny them parole while granting parole to other inmates. In order to state an equal protection claim, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Here, the plaintiffs are not members of a protected class. Moreover, they did not allege any facts indicating that the defendants intentionally discriminated against them on the basis of their membership in a protected class. Conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996). Some factual basis for the claim must be set forth in the pleadings. *See id.*

Finally, the denial of the plaintiffs' parole does not implicate the Eight Amendment's prohibition against cruel and unusual punishment. The Eight Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). The denial of parole clearly does not fall under this umbrella.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.