Quinton A. CAGE, Plaintiff–Appellant,

v.

State of TENNESSEE; Paul G. Summers, Defendants–Appellees.

No. 03–5356.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

158

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

This is a direct appeal from a judgment dismissing without prejudice a prisoner's civil rights complaint filed on the authority of 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Tennessee inmate Quinton A. Cage filed a civil rights action against the State of Tennessee and the Attorney General of Tennessee in which Cage sought monetary damages and other relief stemming from his alleged illegal confinement. The district court reviewed the complaint and accompanying request for pauper status before the defendants were served and concluded that the complaint had to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). This appeal followed.

The sole issue for review is the propriety of the district court's sua sponte dismissal of Cage's complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous or fail to state a claim for relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997). The district court may dismiss a complaint for failure to state a claim upon which relief can be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). This court reviews de novo a judgment dismissing a complaint for failure to state a claim upon which relief can be granted under § 1915(e)(2). *McGore*, 114 F.3d at 604. A de novo review of the complaint in question shows that the district court's judgment must be affirmed.

Plaintiff Cage is incarcerated at the Deberry Special Needs Facility in Nashville, Tennessee. The substance of Cage's complaint is that his confinement for an unspecified state court conviction is unconstitutional. Cage supports this assertion with pages of definitions purportedly lifted from Black's Law Dictionary. The upshot of these citations is that the State of Tennessee was without constitutional authority to convict and incarcerate Cage for the commission of an unspecified crime or crimes. Cage asks for a pardon, expungement of the record, unspecified monetary damages, and declaratory relief. The district court conducted the initial review of this prisoner civil rights complaint and pauper request required by 28 U.S.C. §§ 1915(e)(2) and 1915A. The court concluded that, as Cage did not plead and prove that the unspecified state court con-

viction had been declared invalid or expunged in some antecedent procedure, Cage could not obtain any of the relief sought under federal civil rights statutes.

The district court's decision is manifestly correct. Cage sought redress under federal civil rights statutes for an alleged unconstitutional, unspecified state court conviction. Cage did not make any effort to show that this unspecified conviction was no longer viable. Generally, a civil rights claim such as Cage's is not cognizable if a ruling on the claim would necessarily imply the invalidity of a criminal conviction unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This applies to preconviction, as well as post-conviction, confinement. *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398 (6th Cir.1999). Therefore, the district court properly found that Cage was not entitled to the relief sought even without the benefit of the alleged unconstitutional commitment order.

Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.