**Keith SHIELDS, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner of the Tennessee Department of Corrections; Kenneth Locke, Acting Warden of Middle Tennessee Correctional Complex; Steve Morrison, Correctional Industries Supervisor; Wilson Sporting Goods Company; Chris Presson, Defendants–Appellees.**

**No. 03–5635.**

United States Court of Appeals, Sixth Circuit.

Nov. 26, 2003.

Keith Shields, pro se, Nashville, TN, for
Plaintiff–Appellant.

Kimberly J. Dean, Deputy Attorney
Gen., Stephanie R. Reevers, Asst. Attor-
ney Gen., Office of the Attorney General,
Nashville, TN, for Defendants–Appellees.

Before GUY and GILMAN, Circuit
Judges; and REEVES, District Judge.*

---

* The Honorable Danny C. Reeves, United
States District Judge for the Eastern District
of Kentucky, sitting by designation.

## ORDER

Keith Shields, a Tennessee state prison-
er, appeals pro se a district court order
dismissing his civil rights complaint, filed
pursuant to 42 U.S.C. § 1983, for failure to
state a claim. This case has been referred
to a panel of the court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Seeking $375,000 in damages, Shields
filed this complaint against several em-
ployees of the Tennessee Department of
Corrections, a private company which had
arranged to provide jobs to inmates (Wil-
son Sporting Goods Co.), and a supervisor
at the company. Shields alleged that he
had been employed by the company for a
couple of months, with an arrangement
that he could miss work on Fridays to
attend religious services. However, the
company determined that Shields might be
needed to work on Fridays, and informed
him of this requirement. Shields refused
to relinquish his practice of missing work
on Fridays to attend religious services.
He was therefore given a different work
assignment. Shields alleged that his First
Amendment right to freedom of religion
had been infringed.

The district court dismissed the com-
plaint sua sponte for failure to state a
claim, prior to service on the defendants.
The court found that no infringement of
freedom of religion had been alleged, and
that Shields had no right to a particular
work assignment. On appeal, Shields ar-
gues that the district court misconstrued
his complaint and that he should have been
appointed counsel. The appellees, who did
not participate below, have informed the
court that they will not be filing a brief.

74

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Shields could prove no facts which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The dismissal will be affirmed for the reasons stated by the district court.

The district court properly construed the complaint when it noted that it contained no allegation that Shields had been deprived of the opportunity to attend religious services. Rather, the complaint alleged that Shields had been assigned to a different job on the basis of his refusal to give up attendance at Friday religious services. Because Shields has no right to any particular work assignment, the district court correctly concluded that this allegation failed to state a claim. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989).

Moreover, the district court pointed out in a footnote that the Supreme Court has held that requiring inmates to work on Fridays and miss religious services is rationally related to the legitimate rehabilitative concern of simulating working conditions in society. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). Therefore, even if Shields had alleged that he had been required to work and miss services, he would have failed to state a claim.

The argument that Shields should have been appointed counsel is without merit. Because the complaint was dismissed sua sponte, Shields had no need for counsel.

For all of the above reasons, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.