**Cherunda IDEMUDIA, Plaintiff–Appellant,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant–Appellee.**

No. 01–2554.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

Cherunda Idemudia, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint, presumably filed under 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2000, Idemudia filed a very confusing complaint in which she sued Consolidated Rail Corporation. She appears to have alleged that the defendant discovered that she is divorced from a man whose sister is a police officer, and that the defendant engaged in a conspiracy with the police to improperly charge her family members with violations of the law. She seems to claim that the defendant's conduct violated her constitutional rights, including her property rights, business rights, and employment rights. She also alleged that the jury selection process was intentionally changed to thwart her efforts to obtain relief in this and any future lawsuit. In February 2001, the district court issued a show cause order, tentatively concluding that the complaint was frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and ordered Idemudia to show cause why the action should not be dismissed. Idemudia filed a timely response. Thereafter, the district court determined that it could not dismiss the action under § 1915(e)(2)(B)(i) because Idemudia had paid the filing fee. Nonetheless, the district court dismissed the action for failure to state a claim.

On appeal, Idemudia essentially reasserts her claims. She also argues that the district court should have entered a default judgment because the defendant did not file a response, that the district court im-

properly declined to permit her to amend her complaint, and that the district court should have issued a habeas corpus petition freeing her nephew from illegal incarceration.

Upon review, we conclude that the district court properly dismissed Idemudia's complaint for failure to state a claim upon which relief could be granted. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 445–46 (6th Cir.2000). First, although many of Idemudia's allegations concern the alleged illegal convictions of various family members, she lacks standing to bring a civil rights action for violations allegedly committed against her family members. Generally, a plaintiff must assert her own rights and not solely those of a third party. *Pestrak v. Ohio Elections Comm'n,* 926 F.2d 573, 577 (6th Cir.1991). Second, as the district court properly concluded, Idemudia did not assert any factual allegations indicating that the defendant had engaged in any conduct that violated her constitutional rights. Moreover, her conspiracy claim fails because her allegations are vague, conclusory, unsupported by any facts or evidence, and thus are insufficient to state a claim under § 1985 against the defendant. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996). Finally, Idemudia's allegation concerning the jury selection process describes a fantastic scenario in which the Michigan legislature allegedly singled her out and changed the jury selection process to prevent her from obtaining relief. *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000).

Idemudia's remaining appellate arguments are also meritless. For the reasons stated above, the district court was not required to enter a default judgment against the defendant or to issue a writ of habeas corpus freeing her nephew. In addition, Idemudia simply chose not to amend her complaint, even though the district court had placed her on notice that her claims appeared to be frivolous.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.