**James Fitzgerald WATSON,
Plaintiff–Appellant,**

v.

**Cliff GILL, Defendant–Appellee.**

No. 01–6249.

United States Court of Appeals,
Sixth Circuit.

June 26, 2002.

Before CLAY and GILMAN, Circuit Judges; HAYNES, District Judge.*

*ORDER*

James Fitzgerald Watson, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief only, Watson filed a complaint against Cliff Gill, head jailer of the McCracken County Jail, where Watson is incarcerated. Watson sued Gill in his official capacity only. The district court also construed Watson's complaint as filed against the McCracken County Jail, although the complaint did not specifically identify the jail as a defendant. Relying upon the Eighth Amend-

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

ment, Watson alleged that he has been denied medical care during his incarceration in the McCracken County Jail. Watson explained that on October 22, 1999, he was arrested and transported to the McCracken County Jail. Watson alleged that because he was injured during the arrest, he requested Gill to take him to the hospital or let him see the jail doctor, but Gill ignored his request. On October 27, 1999, Watson was seen by the jail doctor but, according to Watson, the doctor gave him a touch examination only and refused to send him to the hospital for x-rays. Watson also alleged that both the doctor and a nurse humiliated him. Watson alleged that he has been incarcerated for approximately seventeen months, yet he has not received medical attention for the injuries from which he continues to suffer.

The district court dismissed Watson's complaint, pursuant to the provisions of 28 U.S.C. § 1915A(b)(1), after concluding that Watson's complaint failed to state a claim upon which relief may be granted. Watson filed a timely appeal.

We review de novo a district court's order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Watson's complaint, as it fails to state a claim for relief. The McCracken County Jail is not a legal entity susceptible to suit. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994). Because the McCracken County Jail is a department of the county, the county is the appropriate party to address

Watson's suit. *See id.* Furthermore, Gill is not subject to suit for monetary damages in his official capacity. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). If an action is brought against an official of a governmental entity in his official capacity only, the suit should be construed as brought against the governmental entity that employs that individual, in this case, McCracken County. *See id.; Matthews,* 35 F.3d at 1049.

Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993). Moreover, a governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs the wrongdoer. *Monell,* 436 U.S. at 691; *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). The theory of respondeat superior simply cannot provide the basis for liability in § 1983 actions. *Monell,* 436 U.S. at 691.

Watson's complaint did not allege that McCracken County operated pursuant to an unconstitutional policy or custom requiring jail officials to ignore inmates' requests for medical attention and treatment. Watson's complaint also did not allege that McCracken County was responsible for any of the actions or inactions taken by Gill or that Gill's actions or inactions occurred as a result of a policy or custom approved by the county. Even if Gill did violate Watson's constitutional rights, McCracken County cannot be held responsible for Gill's conduct under § 1983 simply because the county employed Gill.

*See Monell,* 436 U.S. at 691; *Stemler,* 126 F.3d at 865.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.