**Charles L. MOORE, Plaintiff–Appellant,**

v.

**Jack POTTER, Postmaster General, United States Postal Service; Walt Flanagan, Human Resources; Essie J. Williams, Supervisor of Employment and Placement, Defendants–Appellees.**

No. 02–5465.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

Charles L. Moore, a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his civil complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16); the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12111 et seq.); the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.); the Rehabilitation Act of 1973 (29 U.S.C. § 791 et seq.); 42 U.S.C. §§ 1981, 1983, and 1985; and 18 U.S.C. § 242. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moore filed his complaint against Postmaster General Jack Potter, Walt Flanagan, and Essie J. Williams. He alleges that the United States Postal Service ("USPS") failed to employ him because of his race, which is Indian; his handicap and disabilities, which he lists as nerves, lungs, and cancer; in reprisal for prior EEO and EEOC activity; and because of his age, which he lists as 57. In particular, Moore alleges that he had passed two postal examinations with a rating of 81.80 and 102.5, respectively. Moore further alleges that he is a veteran disabled at thirty percent or more and, as a result, is entitled to be considered first for jobs at the USPS. He alleges that he was discriminated against for the mail handler, mail processor, casual, and custodian jobs from 1990 through 1993, during which time several hundred job applicants were hired, most of whom were less qualified than Moore. Moore further alleges that defendants Flanagan and Williams conspired to prevent his hiring by the USPS. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This timely appeal followed.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

Upon review, we conclude that the district court properly dismissed Moore's complaint for the reasons stated by that court. Moore did not fulfill the statutory prerequisites for filing his ADEA claim and ADA claim based on cancer. *See* 42 U.S.C. § 12117(a) (ADEA); 29 U.S.C. § 626(d)(ADA); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

L.Ed.2d 435 (1990); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 753, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Likewise, Moore did not exhaust his administrative remedies with respect to his Title VII claim and the remaining aspects of his ADA and Rehabilitation claim. Alternatively, to the extent that Moore seeks to sue based on the EEOC's 1998 decision, his federal action was not filed within ninety days of receipt of the right to sue notification and, therefore, it is time-barred. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5(f)(1).

■ Upon further review, we conclude that the district court properly dismissed Moore's claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 as time-barred. Sections 1981, 1983, and 1985 do not contain statutes of limitation. Therefore, for all §§ 1981, 1983, and 1985 actions, federal courts apply the state personal injury statute of limitations. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (§ 1981); *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983); *Savage v. Unknown FBI Agents,* No. 97–3311, 1998 WL 69318, at *1 (6th Cir. Feb.10, 1998) (unpublished order) (§ 1985). The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997); *Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992). The statute of limitations for § 1986 actions is one year. *See* 42 U.S.C. § 1986. Because Moore is apparently complaining about events occurring no later than 1993, his complaint is time-barred.

■ Finally, the district court properly dismissed Moore's claim pursuant to 18 U.S.C. § 242 because Moore has no private right of action pursuant to 18 U.S.C.

§ 242, a criminal statute. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.