**Johnny Darryl TURNBOE, Plaintiff–Appellant,**

v.

**Dave GUNDY, Defendant–Appellee.**

**No. 01–1622.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

Before NORRIS, SILER, and
BATCHELDER, Circuit Judges.

### ORDER

Johnny Darryl Turnboe, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Turnboe sued Dave Gundy, Warden of Oaks Correctional Facility where Turnboe is incarcerated. Turnboe alleged that: (1) his due process rights were violated when he was placed on a "food loaf" diet without a misconduct charge, a hearing, or review; and (2) his equal protection rights were violated when he was punished because of his skin color. The district court granted Turnboe in forma pauperis status, screened the complaint, and dismissed the case for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

In his timely appeal, Turnboe argues that: (1) the corrections officers who gave him food loaf knew they had no authority to do so; and (2) the officers punished him because of his race.

Upon de novo review, we conclude that the district court properly dismissed Turnboe's complaint for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). We disagree with part of the district court's reasoning, however, and affirm the district court's decision on grounds other than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

We first conclude that Turnboe's complaint failed to state a due process claim because being fed food loaf does not implicate a due process liberty interest. A restraint imposed in prison does not give rise to a protected liberty interest unless the restriction constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The district court held that prisoners have a liberty interest in not being placed on food loaf without cause, but that there was no due process violation because Turnboe was removed from the food loaf diet and compensated for the meals he missed. In *Sandin,* the Court cited with disapproval a case suggesting that a prisoner has a due process right not to be served food loaf. *Id.* at 482–83, 115 S.Ct. 2293 (citing *United States v. Michigan,* 680 F.Supp. 270, 277 (W.D.Mich.1988)). Thus, a due process claim based upon being fed food loaf is no longer viable.

We agree with the district court that Turnboe's complaint did not state an equal protection claim. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Turnboe merely alleged that he was put on food loaf because of the color of his skin. His conclusory allegation without any factual support failed to state an equal protection claim.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.