**Michael GRIFFIS, Plaintiff–Appellant,**

v.

**David GUNDY, Warden, et al.,
Defendants–Appellees.**

No. 02–1449.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

*ORDER*

Michael Griffis, a Michigan prisoner proceeding pro se, moves for counsel on

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by

designation.

appeal from a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Griffis sued Oaks Correctional Facility Warden David Gundy, Acting Warden Barry Panzer, Sergeant Boerema, and Corrections Officer A. Krause, alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments when he was placed on a restriction of food loaf after he was disciplined for a sexual misconduct for masturbating with butter. Despite Griffis's failure to demonstrate that he had exhausted his available administrative remedies, the district court dismissed Griffis's complaint pursuant to the provisions of 42 U.S.C. § 1997e(c)(2), upon its determination that the complaint failed to state a claim upon which relief may be granted, as contemplated by 28 U.S.C. §§ 1915(e)(2) and 1915(b). Griffis's motion for reconsideration was subsequently denied. This appeal followed.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■ Upon review, we conclude that the district court properly dismissed Griffis's due process claim because being fed food loaf does not implicate a due process liberty interest. A restraint imposed in prison does not give rise to a protected liberty interest unless the restriction constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Under the *Sandin* standard, a due process claim based upon being fed food loaf is no longer viable. *See Turnboe v. Gundy*, 25 Fed.Appx. 292 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 2303, 152 L.Ed.2d 1059 (2002); *Johnson v. Gummerson*, No. 99–0071, 1999 WL 822523, at *1 (2d Cir. Sept.24, 1999). Griffis, therefore, fails to state a claim for violation of his due process rights.

■ Upon further review, we conclude that the district court properly dismissed Griffis's Eighth Amendment claim. The facts as alleged fail to establish unnecessary and wanton infliction of pain or deliberate indifference to Griffis's needs in prison, in order to implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 296–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A diet of food loaf does not violate the prohibition against cruel and unusual punishment, because it has been shown that these loaves meet nutritional and caloric requirements for humans. *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977). Although Griffis claims that healthcare personnel should not have approved the restriction due to his stomach problems, none of the healthcare personnel is a defendant in this action. Further, Griffis has only speculated that the temporary food loaf diet caused his hemorrhoids to bleed more than ten days after the food loaf restriction had elapsed. Therefore, Griffis failed to state an Eighth Amendment claim.

Accordingly, the motion for counsel is denied, and the district court's judgment is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.