**Robert PARTEE, Plaintiff–Appellant,**

v.

**John ENGLER, Governor; Jennifer M. Granholm, Attorney General; Vincent Leone; William S. Overton; George L. Gish; Flora Schrandt, Defendants–Appellees.**

No. 02–2017.

United States Court of Appeals, Sixth Circuit.

March 11, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

*ORDER*

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Robert Partee sued Michigan Governor John Engler, Michigan Attorney General Jennifer, Granholm, Michigan Department of Corrections Director William Overton, Michigan Parole Board members, and several state and county employees. Partee claimed that he is being unconstitutionally imprisoned based on various perceived illegal acts arising from his criminal and parole review proceedings.

The district court dismissed Partee's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state claims upon which relief can be granted. The district court construed Partee's complaint as seeking habeas corpus relief, inasmuch as his claims addressed the validity of his imprisonment, and dismissed the complaint pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In his timely appeal, Partee raises one overarching issue for appellate review, namely, that the district court erred in concluding that Partee's complaint was subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b). Partee contends that he is not challenging his underlying criminal conviction. Nonetheless, he essentially reasserts that he is being unconstitutionally imprisoned based on the perceived illegal acts arising out of his criminal and parole review proceedings.

This court reviews de novo a judgment dismissing a suit as for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Both sections 1915A and 1915(e) require district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous or fail to state a claim for relief. *See id.* at 612. In determining whether Partee's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Partee undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The district court may dismiss a complaint for failure to state a claim upon which relief can be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

A de novo review of the record and law supports the judgment on review. Partee's complaint essentially asserts that he is being illegally confined by the state. The writ of habeas corpus provides the exclusive remedy for challenges that necessarily imply the invalidity of the fact or duration of a prisoner's confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 486–87; *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055–56 (D.C.Cir. 1998); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir.1997).

Partee makes no showing that the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Thus, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Brown*, 207 F.3d at 867.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for

the reasons set forth in the district court's opinion and order of July 30, 2002.