**James KOOS, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA; Steven Lackey, Defendants–Appellees.**

No. 02–5997.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

James Koos, a Wisconsin state inmate confined at the Whiteville (Tenn.) Correctional Facility, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Koos sued the Corrections Corporation of America and Physician's Assistant Steven Lackey claiming that Lackey improperly refused to approve an "egg-crate" mattress for the treatment of his back pain, in violation of his Eighth Amendment rights.

The district court dismissed Koos's complaint pursuant to 28 U.S.C. § 1915A. In his timely appeal, Koos reasserts the claim set forth in the district court.

Section 1915A(b) requires a district court to dismiss any civil action brought by a prisoner against any governmental agency or employee if the court finds that the complaint is frivolous, malicious, fails to state a claim for relief or represents an attempt to recover monetary damages from a defendant who is immune from such relief. This court reviews de novo a judgment dismissing a suit on the authority of either statutory provision. *Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir. 2000) (citing *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997)). A de novo review of the record and law supports the judgment on review.

Koos failed to state a claim upon which relief can be granted, and the district court properly dismissed the case. *See McGore,* 114 F.3d at 604. Koos contends that the defendants did not provide him with sufficient and timely medical care. Prison authorities may be sued for deliberate indifference to the serious medical needs of a prisoner under the Eighth Amendment as such indifference constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such claims require proof of a subjective component, and where the claim alleges failure to attend to a prisoner's medical needs, the standard for that state of mind is "deliber-

ate indifference." *See Wilson v. Seiter,* 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A viable Eighth Amendment claim for non-penal conduct such as this also has an objective component. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the pain be serious. *See Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). A mere difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment does not state a claim under the Eighth Amendment. *See Estelle,* 429 U.S. at 107, 97 S.Ct. 285; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Koos's factual allegations fail to state a claim upon which relief can be granted for the violation of his rights under the Eighth Amendment. Koos alleges that a nurse determined that he needed an egg-crate mattress, but that Physician's Assistant Lackey determined that he did not.

■ The record reveals that no one at the prison was deliberately indifferent to Koos's serious medical needs. Koos admits that he received back surgery, and the record reveals that he received a medical evaluation by a nurse and physician's assistant, as well as instructions with regard to being re-evaluated. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and Koos's dissatisfaction with his treatment does not state a claim under the Eighth Amendment. *See Estelle,* 429 U.S. at 107; *Westlake,* 537 F.2d at 860 n. 5. The district court properly dismissed the claim.

■ Finally, to the extent that Koos claims that the defendants negligently committed medical malpractice, no claim is stated under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. at 107; *Westlake,* 537 F.2d at 860 n. 5. Allegations of inadvertent fail-

ure to provide adequate medical care or of a negligent diagnosis simply fail to state a cause of action. *See Farmer,* 511 U.S. at 835.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.