**Robin Louise WEATHERLY,**
**Plaintiff–Appellant,**

v.

**KINGSPORT POLICE DEPARTMENT;**
**Terry Christian, Detective; Officer**
**Flannery; Wayne Anderson, Sheriff,**
**Defendants–Appellees.**

**No. 02–6419.**

United States Court of Appeals,
Sixth Circuit.

June 19, 2003.

Before: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

### ORDER

This is an appeal from a district court's judgment dismissing a civil rights complaint filed on the authority of 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Tennessee citizen Robin L. Weatherly filed a complaint against the Kingsport [Tennessee] Police Department and three individual law enforcement officers for an alleged violation of Weatherly's civil rights. The district court sua sponte dismissed the complaint and denied a timely motion to reconsider this decision.

Plaintiff Weatherly filed a § 1983 civil rights complaint in 2002 against the Kingsport [Tennessee] Police Department, Kingsport Officers Christian and Flan-

nery, and Sheriff Wayne Anderson. Weatherly claimed to have been arrested for a vehicular infraction on September 2, 2002, by Officer Christian when she was in the process of obtaining a warrant against a third party for stalking. Weatherly contends that she was denied the use of her legal name when she was booked and incarcerated for the offense. Weatherly seeks relief in the form of an injunction against the Kingsport Police Department and an order to the defendants to "[d]rop all charges brought in a fictitious name." The district court conducted an initial review of the complaint and concluded that, as Weatherly could only challenge the constitutionality of a criminal conviction in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, her complaint was subject to immediate dismissal. This appeal followed.

This court reviews de novo a judgment dismissing a suit for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The district court may dismiss a complaint for failure to state a claim upon which relief can be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Weatherly's complaint essentially seeks an order directing a state official to "drop all charges" against her. The writ of habeas corpus, however, provides the exclusive remedy for challenges that necessarily imply the invalidity of the fact or duration of a prisoner's confinement. *See, e.g., Edwards v. Balisok,* 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

**602**

Weatherly makes no showing that the reason for her confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Thus, it appears beyond a doubt that the district court's decision was correct.

Accordingly, the motion for pauper status is granted for purposes of this appeal only and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.