**Albert BOMER, Plaintiff–Appellant,**

v.

**Robert C. MUECKENHEIM,
Defendant–Appellee.**

No. 03–1428.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2003.

Albert Bomer, Kincheloe, MI, for Plaintiff–Appellant.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

*ORDER*

Albert Lawrence Bomer, Jr., a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Bomer filed his complaint against his appellate defense counsel, Robert C. Mueckenheim, alleging that Mueckenheim failed to obtain transcripts and to properly represent him on appeal in state court thereby violating his constitutional rights. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state claims upon which relief may be granted. This timely appeal followed.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.

1997). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

In order to state a viable claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.1996).

■ Upon review, we conclude that the district court properly dismissed Bomer's complaint for failure to state a claim. Bomer's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Id.; Schilling v. White*, 58 F.3d 1081, 1085–86 (6th Cir. 1995). A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks monetary or injunctive relief. *See Heck*, 512 U.S. at 489–90, 114 S.Ct. 2364 (claim for damages is not cognizable); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

■ Additionally, Bomer's appellate attorney is not subject to suit under § 1983 since he is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Accepting all of his factual allegations as true, Bomer can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.