James Rocky WRIGHT, Plaintiff–Appellant,

v.

Vertner L. TAYLOR, Bell County Forestry Camp Warden; Douglas Fletcher, Bell County Forestry Camp Warden; Retha Brock, Bell County Forestry Camp Nurse; Deanna Carter, Bell County Forestry Camp Nurse, Defendants–Appellees.

No. 03–5361.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2003.

James Rocky Wright, pro se, Burgin, KY, for Plaintiff–Appellant.

Before CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

James Rocky Wright, proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Wright sued the Commissioner (Taylor) of the Kentucky Department of Corrections, and several Bell County Forestry Camp ("BCFC") employees, including the BCFC Warden (Fletcher), and two BCFC nurses (Brock and Carter). Wright essentially claimed that the defendants violated his Eighth Amendment rights when they allowed for a five-week delay in dental treatment for a decaying tooth and because they failed to provide him with over-the-counter pain medication at BCFC expense. Upon review, the district court dismissed Wright's complaint for failure to state a claim. On appeal, Wright reasserts his claim. He also argues that the district court ignored his claim that he could not afford to purchase the over-the-counter medication himself.

■ Upon review, we conclude that the district court properly dismissed Wright's Eighth Amendment claim. As stated above, Wright essentially challenged a five-week delay in dental treatment and the BCFC staff's failure to provide him with over-the-counter medication. He stated that he requested to see a dentist on April 8, 2002, that the defendants did not immediately arrange for such treatment, and that he was not seen by a dentist until May 15, 2002. He also argued that the BCFC should have provided him with pain medication because he could not purchase it himself.

The district court properly dismissed the plaintiff's complaint. This court reviews *de novo* an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* In order to state a cognizable claim under the Eighth Amendment concerning medical care of prisoners, an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. In order to state an Eighth Amendment claim based on an alleged delay in medical treatment, a special needs facility inmate must place verifying medical evidence in the record establishing the detrimental effect of the alleged delay. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001).

Wright did not allege that the five-week delay had any detrimental effect on his condition. Moreover, Wright acknowledged that he had initially requested to see a dentist on March 18, 2002, and that the defendants arranged for him to be treated on March 27, 2002. Hence, his *initial* treatment did not involve any significant delay. Regarding his second request for treatment, Wright's complaint indicates that the nurses failed to enter his name on a list for dental treatment immediately following his complaint on April 8, 2002. This delay in treatment does not rise to the level of an Eighth Amendment violation because Wright's complaint does not contain allegations that the defendants consciously chose to disregard the risks to his health as required to state an Eighth Amendment claim. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Indeed, Wright acknowledged that the defendants arranged for him to be treated a third time by the dentist on May 22, 2002. The defendants' failure to include Wright's name on the treatment list sooner simply does not rise to the level of constitutional magnitude. Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *See Farmer,* 511 U.S. at 835–36, 114 S.Ct. 1970; *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir.1999) (en banc); *Westlake v. Lucas,* 537 F.2d 857, 860–61 n. 5 (6th Cir.1976).

Likewise, Wright did not state a claim with respect to the alleged improper denial of over-the-counter medication at BCFC expense. Wright correctly argues that the district court overlooked his assertion that he was unable to pay for the medication himself. Nonetheless, Wright's claim still lacks merit because his complaint does not contain allegations that the defendants consciously chose to disregard the risks to his health when they declined to provide him with pain medication at BCFC expense. *See Farmer,* 511 U.S. at 847, 114 S.Ct. 1970.

Finally, Wright is not entitled to relief on his Kentucky constitutional claims. The district court was not obligated to exercise supplemental jurisdiction over those claims once it had dismissed Wright's federal claims. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.1993).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.