Thomas U. MOORE, Plaintiff–
Appellant,

v.

Wayne A. ERICKSON, et al.,
Defendants–Appellees.

No. 03–1466.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2003.

Thomas U. Moore, pro se, Marquette, MI, for Plaintiff–Appellant.

Before: CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.[*]

*ORDER*

Thomas U. Moore appeals a district court judgment that dismissed his civil complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A and 42 U.S.C. § 1997e(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moore filed his complaint in the district court alleging that his court-appointed attorney and an assistant county attorney improperly induced him to plead guilty in a state criminal case. Moore apparently sought to have his guilty plea set aside. The district court read plaintiff's complaint, construed the action as a civil rights action filed under 42 U.S.C. § 1983, and dismissed the complaint *sua sponte* for failure to state a claim upon which relief can be granted. Moore filed a timely notice of appeal. In his brief on appeal, Moore asserts that his civil action was not intended to be a civil rights action.

The district court dismissed plaintiff's complaint *sua sponte* for failure to state a claim upon which relief can be granted, which it was authorized to do. Twenty-eight U.S.C. § 1915A directs the district court to review prisoner civil complaints filed against any government entity, officer or employee "before docketing, if feasible or, in any event, as soon as practicable after docketing" and to dismiss the complaint if plaintiff has not stated a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(a) and (b)(1). Similarly, 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c) direct the district court to dismiss any prisoner civil actions if the court determines that the action fails to state a claim upon which relief can be granted. This court reviews *de novo* a district court order dismissing a complaint. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). Here, the district court properly dismissed plaintiff's complaint.

Essentially, plaintiff identified no basis for federal subject matter jurisdiction in his complaint. Understandably, the district court construed the complaint as asserting a civil rights action under 42 U.S.C. § 1983. However, the court correctly concluded that any civil rights claim is not cognizable under § 1983 because

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

plaintiff's conviction has not been declared infirm by a state tribunal or in federal habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's complaint cannot otherwise be construed to raise a federal question. *See* 28 U.S.C. § 1331. Diversity of citizenship jurisdiction does not exist because plaintiff and defendants are citizens of Michigan. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Accordingly, the district court properly dismissed plaintiff's complaint.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.