**Jibril L. IBRAHIM, also known as Grant Anderson, Plaintiff–Appellant,**

v.

**UNITED STATES PAROLE BOARD MEMBERS, et al., Defendants–Appellees.**

No. 02–3240.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2003.

Jibril L. Ibrahim, pro se, White Deer, PA, for Plaintiff–Appellant.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

## ORDER

This pro se federal prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking three million dollars in damages, a declaratory judgment, and other "equitable" relief, Jibril Luqman Ibrahim sued the United States Parole Commission, its employees and agents, and Commission Examiner Otis Thompson, alleging irregularities during his parole hearing which led to the denial of his release on parole. The district court screened the complaint and dismissed it under a provision of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915A. The district court determined that Ibrahim could not file a claim under 42 U.S.C. § 1983 as a judgment on the merits would

call into question a parole decision that had not been set aside. Accordingly, the district court dismissed Ibrahim's complaint pursuant to 28 U.S.C. § 1915A. Ibrahim appeals that judgment.

On appeal, Ibrahim reasserts the claims set forth in the district court.

This court reviews de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). The PLRA requires district courts to screen and dismiss prisoner complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Ibrahim's claims are not cognizable under § 1983 insofar as a ruling on them would affect the validity of his confinement, until he shows that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* applies whether the plaintiff seeks injunctive or monetary relief. *Id.* at 487; *Edwards v. Balisok,* 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

In *Dotson v. Wilkinson,* 329 F.3d 463 (6th Cir.2003) (en banc), this court examined conflicting decisions concerning what kind of challenges to parole decisions can be brought under 42 U.S.C. § 1983. The *Dotson* court concluded that: "where a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the

outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983." *Id.* at 472.

Because the district court reached its decision without the benefit of the *Dotson* opinion, we vacate the district court's judgment and remand the case pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, in order for the district court to consider Ibrahim's complaint under the *Dotson* standard.