**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0568n.06

**Nos. 10-5321; 10-5322**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHEILA RENEE RUNKLE, | ) | |
| Administratrix of the Estate of Robert Earl Runkle, | ) | **FILED** |
| Deceased, | ) | |
| | ) | **Aug 12, 2011** |
| Plaintiff-Appellant, Cross-Appellee, | ) | LEONARD GREEN, Clerk |
| | ) | ON APPEAL AND CROSS- |
| | ) | APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RONALD FLEMING, D.O., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee, Cross-Appellant. | | |

Before:  SILER, COLE, and KETHLEDGE, Circuit Judges.

**SILER**, Circuit Judge.  Inmate-plaintiff Robert Earl Runkle filed a 42 U.S.C. § 1983 suit against Ronald Fleming, D.O., alleging deliberate indifference to his serious medical needs.  After filing suit, Runkle died and is now represented by his estate. The district court granted summary judgment on Runkle's § 1983 Eighth Amendment claim and dismissed without prejudice his pendent state law claims.  Runkle appeals the district court's grant of summary judgment on his § 1983 claim, and Dr. Fleming cross-appeals the district court's dismissal of Runkle's state law claims without prejudice.  For the reasons stated below, we **AFFIRM**.

**I.**

Runkle was diagnosed with and treated for colon cancer while confined as a state prisoner at the Western Kentucky Correctional Complex.  After undergoing surgery and chemotherapy, he

1

was diagnosed as free of any metastatic disease. He was subsequently transferred to the Little Sandy Correctional Complex ("LSCC"), where he advised the institution that he was due in June 2006 for his yearly colonoscopy.

Dr. Fleming first saw Runkle as a patient at LSCC in May 2006. Upon his initial evaluation, Dr. Fleming issued orders for various tests, including a colonoscopy. In July 2006, Dr. Fleming learned Runkle had not received his annual June colonoscopy. Runkle also complained to medical staff and others that he had sharp pains in his lower stomach and blood in his stool. Dr. Fleming ordered a hemoccult test for Runkle that was positive for blood. He then ordered a GI consult, EGD, and colonoscopy. Runkle underwent the colonoscopy in October 2006.

The pathological diagnosis for his colonoscopy reported a tubular adenoma. As a result, Dr. Fleming ordered Runkle's urgent transfer from LSCC to the Kentucky State Reformatory for surgical removal of the tumor. This concluded Dr. Fleming's care and treatment of Runkle. While at KSR, Runkle underwent CT scan examinations of his abdomen and pelvis. The diagnosis indicated a recurrence of colon cancer. Runkle underwent an exploratory laparotomy and resection of the small bowel — the pathology report and hematology confirmed cancer.

Runkle filed suit under 42 U.S.C. § 1983, alleging Dr. Fleming was deliberately indifferent to his serious medical needs when he delayed Runkle's annual colonoscopy and delivered substandard oncology management. Runkle also alleged various pendent state law claims, including breach of prisoners' statutory right to medical care, medical negligence, outrage, and negligence. The district court initially granted Dr. Fleming's motion for summary judgment and dismissed all claims with prejudice, but later vacated its grant of summary judgment. It then granted summary judgment only on Runkle's Eighth Amendment claim and declined to exercise supplemental

jurisdiction over the state law claims, dismissing them without prejudice. Runkle appeals the district court's grant of summary judgment on his § 1983 claim, and Dr. Fleming cross-appeals the district court's dismissal of Runkle's state law claims without prejudice.

**II.**

We review a district court's grant of summary judgment de novo. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). It is well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for deliberate indifference underlying a § 1983 claim has both an objective and subjective component. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The objective component requires the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A history of colon cancer, with the potential of recurrence, presents a sufficiently serious medical need. From July 2003 until his death Runkle underwent multiple surgeries, had numerous doctor's appointments, and received a battery of diagnostics in treating—then monitoring—his cancer. In fact, Dr. Fleming does not challenge the objective prong of the deliberate indifference test.

The subjective element requires "an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Bargery*, 207 F.3d at 867). Officials have a sufficiently culpable state of mind when acting with "deliberate indifference" to a serious medical need. *Farmer*, 511 U.S. at 834. This requires the prison official to have acted with a state of mind similar to recklessness. *Id.* at 836. Thus, a "prison official cannot be found liable under the Eighth Amendment . . . unless the official

3

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. An inmate must also prove that the official "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Dr. Fleming's conduct does not rise to the level of a constitutional deprivation. At Runkle's first appointment with Dr. Fleming he ordered a GI consult and colonoscopy. This complied with the oncology management regimen set out by prior physicians who treated Runkle. Moreover, Dr. Fleming addressed various other medical concerns raised by Runkle. When Runkle formally complained of bouts of sharp abdominal pain and instances of blood in his stool, Dr. Fleming promptly ordered a hemoccult test. After those were positive for blood in the stool, Dr. Fleming ordered a GI consult, EGD, and colonoscopy. Finding that Runkle needed a higher level of care, he concluded his treatment of Runkle by transferring him to a different facility.

Runkle argues the appropriate standard for evaluating claims of deliberate indifference is "grossly inadequate care," contending that such a finding satisfies both the objective and subjective elements of the test for deliberate indifference. His reliance on *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002), for such a proposition is misplaced. As we have made clear, "grossly inadequate care satisfies only the objective prong of the deliberate indifference standard." *Perez v. Oakland Cnty.*, 466 F.3d 416, 424 (6th Cir. 2006) (internal quotation marks omitted). Furthermore, the high threshold of grossly inadequate care has not been met here. In order to qualify, medical care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.

4

1989)). As evident from the previous discussion, Dr. Fleming's conduct in treating Runkle does not "shock the conscience."

Runkle also argues there is a genuine issue as to whether Dr. Fleming actually ordered a colonoscopy in May, because Dr. Fleming used the wrong form and there is no record of the prison's denying the order. The district court found that Dr. Fleming ordered the procedure, and this conclusion is not clear error. *See, e.g., Keck v. Graham Hotel Systems, Inc.*, 566 F.3d 634, 636 (6th Cir. 2009). Further, at most this means that Fleming made a mistake in filling out the paperwork, which does not constitute cruel and unusual punishment on this record.

### III.

On cross-appeal, Dr. Fleming contends Runkle's state law claims fail as a matter of law and therefore should have been dismissed with prejudice. While denial of a motion for summary judgment is generally not appealable, "an exception exists where the district court has dismissed pendent state-law claims without prejudice as opposed to with prejudice." *Briscoe v. Fine*, 444 F.3d 478, 495 (6th Cir. 2006). We, therefore, have jurisdiction to consider Dr. Fleming's cross-appeal. *Id.* at 496. We review the district court's decision for an abuse of discretion. *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007). Here, the district court did not abuse its discretion, since the pendent claims presented complex state statute of limitations and negligence issues. *See* 28 U.S.C. § 1367. Further, when, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

**AFFIRMED**.